FILED SEP 0 8 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR BARROS, | : | CIVIL ACTION |
| | : | NO. 07-1300 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, | : | |
| | : | |
| Respondent. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                SEPTEMBER 5, 2008

Petitioner objects to the Magistrate Judge's Report and Recommendation which concluded that his habeas petition was procedurally defaulted. Petitioner asserts that he exhausted state remedies by raising his constitutional ineffective assistance of counsel claims at both the Pennsylvania Superior Court and Pennsylvania Supreme Court levels. For the reasons that follow, the objections will be sustained and the matter remanded to the Magistrate Judge for further proceedings consistent with this memorandum.

I.  BACKGROUND

The procedural history of petitioner's habeas petition is summarized as follows. On November 3, 2000, petitioner was convicted of third degree murder and possession of firearms without a license. On December 19, 2000, petitioner was sentenced to 21 to 45 years of incarceration for the murder

ENTERED

SEP 0 8 2008

CLERK OF COURT

charge and a consecutive sentence of 1 to 5 years incarceration for the firearms violation.

The Pennsylvania Superior Court affirmed the judgment of conviction and sentence and the Pennsylvania Supreme Court denied petition for allowance of appeal.  Petitioner filed a timely petition for collateral relief under the Post Conviction Relief Act ("PCRA"), which the PCRA court denied.  The Pennsylvania Superior Court affirmed the denial and the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Petitioner then filed the instant habeas petition pursuant to 28 U.S.C. § 2254 (doc. no. 1).

In petitioner's habeas petition, he asserts ineffective assistance of counsel, supported by the following instances: (1) failure of counsel to preserve the issue of whether the trial court erred in refusing to instruct the jury regarding voluntary manslaughter; (2) failure of counsel to object to the trial court's jury instructions regarding first and third degree murder; and (3) failure of counsel to cross-examine prosecution witness Joel Colon.  (Doc. no. 1).

II.  EXHAUSTION OF STATE REMEDIES REQUIREMENT

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody as a result of a state court judgment must "fairly present" his federal

constitutional claims in state court, thus exhausting his state remedies, before filing his federal habeas petition. 28 U.S.C. §2254(b). The exhaustion requirement provides state courts an "initial opportunity to pass upon or correct alleged violations of its prisoner's federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971). Petitioner bears the burden to show fair presentation of all claims, satisfied by demonstrating the claims brought in federal court are the "substantial equivalent" to those presented in state court. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983). Failure to exhaust state remedies will prompt the federal court to dismiss the claim without prejudice, so as to allow the state courts the opportunity to first review the claim. Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

In order to "fairly present" his claim, a prisoner must present in state court the factual and legal substance of his federal claim, in a manner that puts the state court on notice that a federal claim is asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982)).

The Magistrate Judge found that petitioner did not exhaust state remedies due to his failure to "fairly present" his federal ineffective assistance of counsel claim at the state level. In drawing this conclusion, the Magistrate Judge noted

that although petitioner claimed ineffective assistance of counsel in the state court proceeding, this claim was raised solely as an alleged violation of state law, not federal constitutional law (doc. no. 13, p.4). Therefore, according to the Report and Recommendation, because petitioner only presented a state law violation, the state court did not construe petitioner's claim as a federal Constitution violation.[1] (Id.)

In his counseled objections, petitioner argues that he did "fairly present" a federal Constitutional claim at the state level. (Doc. no. 14). In support of his objections, petitioner points to federal and state cases cited in his appellate brief submitted to the Superior Court of Pennsylvania. To that end, petitioner notes his reliance upon Strickland v. Washington, the leading federal ineffective assistance of counsel case. 466 U.S. 668 (1984). Further, petitioner notes that his appellate brief relied upon a number of Pennsylvania cases which employ federal Constitution ineffective assistance of counsel principles. See e.g., Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999);

---

[1] The state court's consideration of a petitioner's federal Constitution claim is not conclusive as to whether the claim was exhausted at the state level. Even if the state court does not consider the claim, it is still exhausted if the state court had the opportunity to address it. Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007) (citing Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989)). Thus, here it is not determinative that the state court did not construe the petitioner's claim as a federal ineffective assistance of counsel violation, so long as the petitioner presented the claim as such, providing the state court with the opportunity to consider it.

-4-

Commonwealth v. Pierce, 527 A.2d 973, 976 (Pa. 1987). Respondents did not reply to the objections.[2]

In evaluating petitioner's objections, the Court is guided by the Third Circuit's decision in McCandless. 172 F.3d at 260 (citing Evans v. Court of Common Pleas, DE County, PA, 959 F.2d 1227 (3d Cir. 1992)(articulating "fair presentation" factors)). To fairly present his federal claim, petitioner may employ several methods: (1) reliance upon pertinent federal cases; (2) reliance upon state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. Id.

After consideration of the McCandless factors and examination of petitioner's appellate briefs to the state courts, the Court concludes that petitioner did fairly present his federal ineffective assistance of counsel claim at the state level.

First, and perhaps the most explicit evidence that the state court was on notice of the federal claim, petitioner states

---

[2] The Office of the Lehigh County District Attorney was alerted to the lack of a response to petitioner's objections. Through Assistant District Attorney Christie Bonesch, the Lehigh County District Attorney declined to file a response.

in his brief to the Superior Court of Pennsylvania that "he was deprived of effective assistance of counsel to which he was entitled under the <u>federal and state constitutions</u>." (<u>McCandless</u> factor no. 3). Brief of Petitioner-Appellant at 11, <u>Commonwealth v. Barros</u>, 844 A.2d 1275 (Pa. Super. Ct. 2003) (emphasis added).

Second, petitioner specifically cites to federal and state authority which advanced federal Constitutional principles. (<u>McCandless</u> factors nos. 1 and 2). Petitioner highlights a pattern of facts which apply to his federal ineffective assistance of counsel claim. Specifically, petitioner notes that his trial counsel failed to preserve the issue of whether the trial court erred in refusing to instruct the jury regarding voluntary manslaughter, failed to object to the trial court's jury instructions regarding first and third degree murder, and failed to cross examine prosecution witness Joel Colon. The pattern of facts alleged by plaintiff in his ineffective assistance counsel claim is "well within the mainstream of [federal] constitutional litigation." (<u>McCandless</u> factor no. 4).

The Third Circuit recently applied the <u>McCandless</u> analysis in <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007). In <u>Nara</u>, petitioner claimed that his Fourteenth Amendment Due Process rights were violated when the trial court accepted a guilty plea at a time he was mentally incompetent. <u>Id.</u> at 198. Petitioner argued that he adequately presented his federal Due Process

-6-

violation before the Pennsylvania state courts by citing a Pennsylvania state case which employed the mental incompetency test used to evaluate both federal <u>and</u> state violations, and by presenting the basic factual outline to support a federal claim. <u>Id.</u> at 198-199 (citing <u>Commonwealth v. Marshall</u>, 312 A.2d 6 (Pa. 1973)).[3] The Third Circuit held that by citing a state case articulating a federal Constitutional claim and providing pertinent facts to support the federal claim, petitioner properly exhausted his Due Process violation. <u>Id.</u>

Similar to <u>Nara</u>, petitioner here cites state cases which articulate analysis of federal Constitutional violations. Brief of Petitioner-Appellant at 33, 11, <u>Commonwealth v. Barros</u>, 844 A.2d 1275 (Pa. Super. Ct. 2003)(citing <u>Commonwealth v. Kimball</u>, 724 A.2d 326 (Pa. 1999) and <u>Commonwealth v. Pierce</u>, 527 A.2d 973, 976 (Pa. 1987)). Also, just as in <u>Nara</u>, the petitioner's reliance on Pennsylvania state cases employing the

---

[3] In <u>Marshall</u>, the Pennsylvania Supreme Court cited the test for determining a person's mental competency to enter a guilty plea: ". . . did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and have a rational as well as a factual understanding of the proceedings against him." 312 A.2d at 7 (citing <u>Commonwealth v. Harris</u>, 243 A.2d 408, 409 (Pa. 1968)). Although in <u>Marshall</u>, the court cited another Pennsylvania Supreme Court case for the relevant mental incompetency test, a review of <u>Harris</u> reveals that the test cites a United States Supreme Court case for mental competency. <u>See</u> <u>Harris</u>, 243 A.2d 408, 409 (citing <u>Dusky v. United States</u>, 362 U.S. 402 (1960)).

federal Constitutional analysis for ineffective assistance of counsel is sufficient to put the state court on notice of his federal ineffective assistance of counsel claim. In addition, like in <u>Nara</u>, petitioner cited a factual outline that supported his federal ineffective assistance of counsel claim.[4]

Under <u>McCandless</u> and <u>Nara</u>, the Court concludes that petitioner fairly presented his ineffective assistance of counsel claim to the state court. Thus, his ineffective assistance claim is exhausted.

For these reasons, the objections will be sustained, the Report and Recommendation will be disapproved, and the matter will be remanded for consideration by the Magistrate Judge in a manner consistent with this opinion.

---

[4] In the instant case, petitioner in fact went beyond the requirements of <u>Nara</u>. Here, petitioner cited <u>Strickland</u>, the leading federal ineffective assistance of counsel case, and explicitly alleged a "federal" Constitution violation in his brief before the Pennsylvania Superior Court.

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR BARROS, | : | CIVIL ACTION |
| | : | NO. 07-1300 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD | : | |
| | : | |
| Respondent. | : | |

### O R D E R

**AND NOW,** this **5th** day of **September 2008,** upon consideration of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (doc. no. 13), and petitioner's objections thereto (doc. no. 14), it is hereby **ORDERED**

1. The Report and Recommendation is **DISAPPROVED;**

2. Petitioner's objections to the Report and Recommendation (doc. no. 13) are **SUSTAINED;**

3. Matter is **REMANDED** to Magistrate Judge Caracappa for a determination on the merits of Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1).

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.