```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CESAR XAVER BARROS,             :     CIVIL ACTION
                                :     NO. 07-1300
        Petitioner,             :
                                :
     v.                         :
                                :
JEFFREY A. BEARD, et al.,       :
                                :
        Respondents.            :
                                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              MAY 1, 2012

Before the Court is Petitioner's Motion for Reconsideration of the Court's order denying Petitioner's Motion for Relief. For the following reasons, the Court will deny Petitioner's Motion.

I.   BACKGROUND

Petitioner's instant motion is a motion for reconsideration of this Court's January 3, 2012, order denying Petitioner's second motion for relief pursuant to 60(b) and Petitioner's motion to amend to include an argument pursuant to 60(d) and the All Writs Act, 28 U.S.C. § 1651.

On November 3, 2000, after a jury trial, Petitioner was found guilty of Criminal Homicide in the Third Degree and

Firearms Not to be Carried Without A License. Petitioner was sentenced to twenty-one to forty-five years for the third-degree murder conviction, and a consecutive term from one to five years for the firearms violation in a state correctional facility.

On March 30, 2007, after exhausting his state court remedies, Petitioner filed a Petition for Federal Writ of Habeas Corpus to the United States District Court for the Eastern District of Pennsylvania. ECF No. 1. On April 9, 2007, this Court referred the case to Magistrate Judge Linda K. Caracappa. ECF No. 2. On February 28, 2008, Judge Caracappa recommended Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed because it was procedurally defaulted. ECF No. 13. On March 10, 2008, Petitioner filed a "Statement of Objections to Judge Caracappa's Recommendation," arguing that he had exhausted his state court remedies. ECF No. 14. On September 8, 2008, this Court sustained Petitioner's objections and remanded the matter to Judge Caracappa for determination on the merits of Petitioner's habeas claims. ECF No. 15.

On March 27, 2009, Judge Caracappa recommended that the Petition for Writ of Habeas Corpus be denied and dismissed because Petitioner did not satisfy Strickland with respect to any of his ineffective assistance of counsel claims. ECF No. 20. On April 15, 2009, Petitioner filed "Statement of Objections on Behalf of Petitioner Concerning the Report and Recommendation of

United States Magistrate Judge Linda K. Caracappa." ECF No. 21. This Court denied Petitioner's objections and habeas petition on September 4, 2009. ECF No. 25.

Petitioner filed for a Certificate of Appealability to the United States Court of Appeals for The Third Circuit on October 1, 2009. ECF No. 26. On July 9, 2010, this certificate was denied by the Court of Appeals. ECF No. 31.

On August 16, 2010, the Petitioner filed a Motion for Relief from the Judgment of September 4, 2009. ECF No. 33. This Court denied the motion on August 31, 2010. ECF No. 36. On September 20, 2010, Petitioner filed for a Certificate of Appealability to the United States Court of Appeals for the Third Circuit, which the Third Circuit denied on January 21, 2011. ECF Nos. 39, 41.

On June 15, 2011, Petitioner filed a Second Motion for Relief from the Judgment of September 4, 2009, and on July 18, 2011, Petitioner filed a Motion for Leave to Amend this petition to include arguments pursuant to 60(d) and the All Writs Act. ECF Nos. 41, 42. Petitioner reasserted that he was entitled to relief under Federal Rule of Civil Procedure 60(b) as well as 60(d) due to the alleged mishandling of the state trial transcripts in his case. Id. Petitioner averred that his second motion for relief was to correct a procedural defect, which occurred during his habeas proceedings. Specifically, Petitioner

3

alleged that portions of trial transcripts from his criminal homicide trial were never properly before this Court. Petitioner further contended that the transcripts should not have been reviewed only in the first instance by the Third Circuit, as the Third Circuit lost jurisdiction over the merits of his habeas petition when it denied Petitioner's appeal for a Certificate of Appealability.

Petitioner's Motion for Relief and Motion for Leave to Amend were denied because the Third Circuit had previously denied Petitioner's first 60(b) motion for relief averring the same arguments. See Order, Jan. 6, 2012, ECF No. 46. Specifically, the Third Circuit denied Petitioner's substantively identical first motion for relief because, even if this Court had not reviewed all of the transcripts from Petitioner's state court trial, Petitioner "was afforded comprehensive review of his habeas claims on appeal to" the Court of Appeals. Barros v. Beard, No. 10-3909, slip. op. at 2 (3d Cir. Jan. 21, 2011). This Court further denied Petitioner's Motion for Leave to Amend to include arguments pursuant to Rule 60(d) and the All Writs Act because Petitioner had shown no miscarriage of justice, exceptional circumstances, nor a fraud on the court which would render the traditional habeas corpus proceedings inadequate in this case. See Order, Jan. 6, 2012.

4

**II.   MOTION FOR RECONSIDERATION**

On January 20, 2012, Petitioner filed a motion for reconsideration of this Court's order. Pet'r's Mot. for Reconsideration, ECF No. 47. Petitioner argues that while it was his second motion for relief pursuant to Federal Rule of Civil Procedure 60, the Supreme Court's decisions in Jefferson v. Upton, 130 S. Ct. 2217 (2010), and Cullen v. Pinholster, 131 S. Ct. 1388 (2011), demonstrate the necessary "extraordinary circumstances" required to allow Petitioner to reopen his habeas petition. Id.

A proper motion for reconsideration serves to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Such a motion may be granted only if: 1) there has been an intervening change in the controlling law; 2) new evidence has recently become available; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (citing United Lawnmower Sales & Serv., Inc. v. Hagel, Civ. A. No. 95-6157, 1997 WL 327564, at *2 (E.D. Pa. June 12, 1997)). A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of. Drysdale, 153 F. Supp. 2d at 682 (citing Moyer v. Italwork,

5

Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997)).

Petitioner's arguments have not changed since the Court last considered them. The law has not changed, no newly discovered facts have been alleged, and nothing has occurred that would make the Court reverse its previous decision to deny Petitioner's Motion for Relief because Petitioner had shown no miscarriage of justice, exceptional circumstances, nor a fraud on the court which would render the traditional habeas corpus proceedings inadequate in this case.

The cases Petitioner cites to in his Motion for Reconsideration also do not affect the Court's previous analysis as neither is applicable to Petitioner's motion for relief. Specifically, the Supreme Court in Upton held that the Court of Appeals erred, on appeal of a partial grant of a state inmate's claim for writ of habeas, by granting the statutory presumption of correctness to a state habeas court's findings without considering all of the enumerated exceptions to that presumption. Upton, 130 S. Ct. at 2222-2223. The relevant holding of Cullen states that federal habeas review of a state-court proceeding is limited to the record before the state court that adjudicated the claim on the merits. Cullen, 131 S. Ct. at 1398. Neither of these holdings applies to Petitioner's motion for relief, nor do they demonstrate that Petitioner has suffered

6

prejudice or a "miscarriage of justice" from any alleged failure of this Court to review the state court transcripts.[1] Accordingly, the Court will deny Petitioner's Motion for Reconsideration because he has not demonstrated that the controlling law has changed, or that there is new evidence to consider, or that this Court must reverse its previous decision to correct a clear error of law or to prevent manifest injustice.

        An appropriate order will follow.

---

[1] Even if this Court did not review the transcripts, the Third Circuit did review them and Petitioner "was afforded comprehensive review of his habeas claims on appeal to" the Third Circuit. Barros v. Beard, No. 10-3909, slip. op. at 2 (3d Cir. Jan. 21, 2011).